**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000052**
**30-JAN-2014**
**08:23 AM**

NO. CAAP-12-0000052

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JACQUES RAYMOND MONTEIL, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3P711-1171)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Jacques Raymond Monteil (Monteil) appeals from the Notice of Entry of Judgment and/or Order, entered on January 10, 2012 in the District Court of the Third Circuit, Kona Division (District Court).[1]  Monteil was found guilty of Prostitution, in violation of Hawaii Revised Statutes (HRS) § 712-1200(1) (1993 and Supp. 2013)[2].

---

[1]  The Honorable Joseph P. Florendo, Jr. presided.

[2]  HRS § 712-1200(1) states:

§712-1200  Prostitution.  (1)  A person commits the offense of prostitution if the person:

(a)  Engages in, or agrees or offers to engage in, sexual conduct with another person for a fee; or

(b)  Pays, agrees to pay, or offers to pay a fee to another to engage in sexual conduct.

(continued...)

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Monteil's points of error as follows and affirm.

At base, Monteil challenges the sufficiency of the evidence presented at trial. Monteil claims the District Court erred by finding that the term "GFE" as used in this case meant engaging in sex as a boyfriend and girlfriend without contraceptives, that there was no agreement to pay a fee to another to engage in sexual conduct because the term "GFE" is uniformly recognized by federal courts to mean "good faith estimate," there is no legally recognized definition of the term "GFE" in Hawai'i, the term "GFE" is not a commonly understood slang term, and the term "GFE experience" was used (not "GFE") and "GFEE" is a recognized acronym for "good fun everywhere experience." Monteil contends there was insufficient evidence to convict him because there was no evidence that he paid, agreed to pay, or offered to pay a fee to another to engage in sexual conduct. Monteil also contends that the District Court erred by finding that he did pay a fee to engage in sexual conduct with another person because there was no evidence that any funds or money was paid.

---

[2](...continued)
> (2) As used in subsection (1), "sexual conduct" means "sexual penetration," "deviate sexual intercourse," or "sexual contact," as those terms are defined in section 707-700.

HRS § 707-700 (Supp. 2013) defines sexual penetration as:

> (1) Vaginal intercourse, anal intercourse, fellatio, deviate sexual intercourse, or any intrusion of any part of a person's body or of any object into the genital or anal opening of another person's body; it occurs upon any penetration, however slight, but emission is not required. As used in this definition, "genital opening" includes the anterior surface of the vulva or labia majora; or

> (2) Cunnilingus or anilingus, whether or not actual penetration has occurred.

(1)   With regard to the District Court's finding that use of the term "GFE" was sufficient to convey the intent to engage in sex for a fee, we conclude that the evidence was sufficient to support such a finding.  "A finding of fact is clearly erroneous when (1) the record lacks substantial evidence to support the finding, or (2) despite substantial evidence in support of the finding, the appellate court is nonetheless left with a definite and firm conviction that a mistake has been made."  State v. Locquiao, 100 Hawai'i 195, 203, 58 P.3d 1242, 1250 (2002) (citation omitted).

Officer Chad Taniyama (Officer Taniyama) conducted the sting operation on behalf of the Hawai'i Police Department in this case.  He testified that he placed an advertisement on the website "backpage.com" for escort services.  He engaged in email correspondence with a person responding to this advertisement. In the course of this correspondence and in response to Officer Taniyama's question "what kind of party u want," the person responded, "gfe experience for an hour or two." Officer Taniyama replied that, "my party for a hour will b $300" and the person agreed, writing, "k . . . .perfect then."  Monteil appeared at the time and place later specified in emails.[3]  Officer Taniyama testified that the term "GFE" has a literal meaning of girlfriend experience, but that the meaning of girlfriend experience within the context of the escort industry was the equivalent of having sex as boyfriend and girlfriend without contraceptives, and Monteil agreed to an amount of money in exchange for this experience.

Monteil argues that there are many other definitions for the acronym GFE, including "good faith estimate" that he testified he was familiar with as a realtor and that he was not

_____

[3]     Monteil testified that he did appear at the appointed time and place and did not deny engaging in the email correspondence but maintained that his intent was to pick "somebody to go and have dinner."

familiar with the term's meaning in the "prostitute world." However, even assuming that there are other meanings for the term and that the meaning testified to by Officer Taniyama has not been recognized by the courts of Hawai'i as Monteil argues, Officer Taniyama testified that GFE is understood as referring to unprotected sex in the escort context, and when Monteil used the term in that context, it was to convey that meaning. The District Court credited Officer Taniyama's testimony. Moreover, the context of the email exchange supported Officer Taniyama's testimony. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (citation, internal quotation marks and brackets omitted). See also State v. Connally, 79 Hawai'i 123, 126-27, 899 P.2d 406, 409-10 (App. 1995) (Officer's testimony regarding the meaning of a term and other circumstances of the offense was sufficient to support conviction for prostitution). When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (citation omitted), there was substantial evidence as to every material element of the offense charged to support Monteil's conviction. Id.

Finally, we reject Monteil's argument that the District Court found Monteil actually paid a fee to another to engage in sexual conduct. Rather, taken in context it appears the District Court tracked the language of the statute when finding Monteil guilty. Even if we were to construe the District Court's statement as a finding that Monteil actually paid a fee and such a finding is erroneous, it is harmless because there was evidence of Monteil's agreement to pay a fee to engage in sexual conduct with another person which is also a violation of HRS § 712-1200(1).

4

(2)     Monteil's contention that the District Court convicted him using the preponderance of the evidence rather than proof beyond a reasonable doubt standard is not supported by the record.   The District Court stated that "the Court will find that the State has <u>proved beyond a reasonable doubt</u> that the defendant intentionally, knowingly, or recklessly, paid or agreed to pay or offered to pay a fee to another to engage in sexual conduct," (emphasis added).   That the District Court did make a specific finding as to its basis for finding Monteil guilty--that Monteil agreed to pay a fee to another to engage in sexual conduct-- further refutes Monteil's argument that the District Court's verdict was ambiguous.

(3)     Monteil also cites Rules 23(c) and 32(c)(2) of the Hawaii Rules of Penal Procedure (HRPP) to support his claim that the District Court failed to make specific findings of fact instead of a general finding of guilt.   However, Monteil failed to invoke HRPP Rule 23(c)[4] by requesting findings at the time of the District Court's general finding.   Moreover, HRPP Rule 32(c)(2)[5] was not violated as the District Court signed and entered a written Notice of Entry of Judgment and/or Order after

---

[4]     HRPP Rule 23(c) states:

(c) Trial without a jury.   In a case tried without a jury the court shall make a general finding and shall in addition, on request made at the time of the general finding, find such facts specially as are requested by the parties. Such special findings may be orally in open court or in writing at any time prior to sentence.

[5]     HRPP Rule 32(c)(2) states:

(2) IN THE DISTRICT COURT.  A judgment of conviction in the district court shall set forth the disposition of the proceedings and the same shall be entered on the record of the court. The filing of the written judgment, or in the event of oral judgment, the filing of the written notice of entry of judgment, in the office of the clerk constitutes entry of judgment. The judgment or notice of entry shall be signed by the judge or by the clerk, if the judge so directs.

orally finding Monteil guilty which states that Monteil was found guilty of violating HRS § 712-1200(1).

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on January 10, 2012 in the District Court of the Third Circuit, Kona Division, is affirmed.

DATED: Honolulu, Hawai'i, January 30, 2014.

On the briefs:

Robert D.S. Kim
for Defendant-Appellant.

Jason R. Kwiat,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge